# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Debra A. Theis

    Debtors.                    ch. 7 Case   03-61065

## REAFFIRMATION AGREEMENT

It is hereby declared by the attorney for the debtor(s) and it is hereby stipulated and agreed by the debtor whose name(s) is signed below and the creditor named below as follows:

1. The debtor has filed a petition in this court and the creditor has a valid perfected security interest in the following personal property with the following agreed value:

| description | value | basis for value |
|---|---|---|
| Equity lease for Apartment/stock | $40,000.00 | debtor's estimate |

2. The property is exempt or has been abandoned by the trustee. The debtor(s) need the property for personal, family or household purposes or in order to produce income, wishes to retain the property and represents that payment of the agreed value as of the date the petition was filed in the best interest of the debtor(s) and will not impose undue hardship on the debtor(s) or any dependent of the debtor(s). The creditor is entitled to possession of the property under the security agreement except for the automatic stay and is willing to permit the debtor(s) to retain the property upon the conditions set forth in this agreement.

3. The debtor(s) agrees to pay the creditor the sum of $ 39,872.73 plus interest at 8.5% in installments as follows: $306.96, plus association dues, plus real estate taxes, all pursuant to the Hillside Owners Association declaration. Payments commence Oct. 5, 2003.

4. Creditor agrees to permit debtor(s) the continued use and possession of the property if the debtor(s) makes the payments set forth in paragraph 3 at the required time. Except to the extent modified by this agreement, the security agreement covering the property shall remain in full force and effect until the total amount payable set forth in paragraph 3 has been paid. Default under this agreement entitles the creditor to exercise the remedies provided for in the security agreement. Full payment under this agreement entitles the debtor(s) to release of the security agreement. This agreement is made pursuant to and subject to applicable local rules and shall be effective upon filing with the clerk of the bankruptcy court. If this agreement is rescinded by the debtor(s) under paragraph 5, the creditor shall retain all payments made by the debtor(s) to the creditor prior to such rescission as payment for the use of the property and the debtor(s) shall forthwith surrender the property to the creditor. The attorney for the debtor(s) declares that the attorney has represented the debtor(s) in the course of negotiating this agreement and that the agreement represents a fully informed and voluntary agreement by the debtor(s) and does not impose an undue hardship on the debtor(s) or a dependent of the debtor(s).

5.     THE DEBTOR(S) IS NOT LEGALLY REQUIRED TO ENTER THIS AGREEMENT, WHETHER UNDER BANKRUPTCY LAW, NONBANKRUPTCY LAW, OR UNDER ANY AGREEMENT NOT IN ACCORDANCE WITH THE PROVISIONS OF SECTION 524(c) OF THE BANKRUPTCY CODE.

6. THE DEBTOR(S) MAY RESCIND THIS AGREEMENT AT ANY TIME PRIOR TO DISCHARGE OR WITHIN 60 DAYS AFTER THE FILING OF THIS AGREEMENT, WHICHEVER OCCURS LATER, BY



Filed on OCT 2 9 2003

9-1

GIVING NOTICE OF RESCISSION TO THE CREDITOR UNDER SECTION 524(c) OF THE BANKRUPTCY CODE.

Creditor: Hillside Homeowners Association, Inc.
by America's Home Equity Program, Inc.

By _____
  its _____

_____
Debtor

_____
Sam V. Calvert, id # 1431X
attorney for debtor(s)
1011 2nd St. North, Suite 107
P.O. Box 1044
St. Cloud, MN 56302
(320) 252-4473